UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAJI W. USSI,<br>on behalf of himself and all others<br>similarly situated,<br>    **Plaintiff**<br><br>v.<br><br>LAW OFFICES OF GARY H. KREPPEL,<br>P.C. and<br>GARY H. KREPPEL,<br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-40262FDS |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In this action, plaintiff contends that defendant law firm violated section 1692g(b) of the FDCPA by filing suit against him on an alleged consumer debt before providing verification of the debt as required by section 1692g(a). Plaintiff further contends that standard letters of the firm are misleading, deceptive, and unfair in violation of the FDCPA. With respect to the claims based on the unlawful letters,

RECEIPT # 405156
AMOUNT $ 350.
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 10-2-07

plaintiff seeks relief for himself and classes of Massachusetts consumers subjected to the same misconduct.

### Parties

1. Plaintiff Haji W. Ussi is an individual who at all relevant times has resided in West Boylston, Worcester County, Massachusetts.

2. Defendant Law Offices of Gary H. Kreppel, P.C. is a professional corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Framingham, Middlesex County, Massachusetts.

3. Defendant Gary H. Kreppel is a licensed attorney and the owner/principal of defendant law firm.

4. Both defendants are "debt collectors" within the meaning of 15 U.S.C. §1692a(6).

### Jurisdiction and Venue

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### COUNT I

7. The allegations of paragraphs 1 – 6 are incorporated herein as if fully set forth.

8. Defendant law firm was hired to collect from plaintiff a consumer debt allegedly owed to an entity known as AGD Financial Trust 2002-A.

9. The firm sent plaintiff a letter dated September 25, 2006 in connection with the alleged debt, a true copy of which is attached hereto as Exhibit A. This letter constituted the first written notice to plaintiff from the firm concerning this alleged debt, and – as

required by the FDCPA – it informed plaintiff that he had 30 days from receipt of the letter to dispute the debt.

10. On October 2, 2006, plaintiff exercised his rights under section 1692g(a) of the FDCPA by sending defendant a letter disputing the debt and requesting certain information, a true copy of which is attached hereto as Exhibit B. This letter was sent via certified mail, and it was duly received by defendant on October 4, 2006. Exhibit C.

11. Defendant law firm filed suit against plaintiff on the alleged debt in the Clinton District Court, and proceeded to prosecute same, even though it did not provide plaintiff with verification of the debt.

12. Defendant's conduct violated 15 U.S.C. §1692g(b).

13. As direct and proximate results of defendant's misconduct, plaintiff suffered monetary loss, inconvenience, embarrassment, anxiety, and emotional distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant law firm awarding him actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT II

14. The allegations of paragraphs 1 – 9 are incorporated herein as if fully set forth.

15. The letter attached as Exhibit A contains the following language above the text:

> IF YOU ARE NOT DISPUTING THIS DEBT, OUR OFFICE CAN SETTLE THIS MATTER FOR THE AMOUNT OF **$3,335.00** IF PAID TO OUR OFFICE BY **10/25/06**.

(emphases in original).

16. Plaintiff contends, on information and belief, that defendant law firm would have honored this settlement offer even though plaintiff disputed the debt. Thus, the language

was misleading and deceptive in violation of section 1692e and unfair in violation of section 1692f.

17. There is no sound reason for the options set forth in Exhibit B to be mutually exclusive: simply because a consumer may question the validity of the alleged debt (or portion thereof) does not necessarily mean he or she does not wish to resolve it. Thus, offering a settlement option only to consumers who do not dispute the debt – which the subject language conveys - presents a false and coercive choice which is unfair in violation of 15 U.S.C. §1692f.

18. On information and belief, defendant Kreppel was personally involved in formulating, implementing, and/or ratifying the unlawful language complained of.

## Class Allegations

19. Plaintiff brings this claim on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents to whom defendant law firm sent an initial validation letter within 1 year of the filing of this action in connection with an alleged consumer debt which contained language identical or substantially similar to that set forth in paragraph 15, above, and which was not returned as undeliverable. Excluded from the class are current and former officers, directors, employees, and agents of defendant. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

20. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendants are debt collectors under the FDCPA, whether

the firm's conduct violates the FDCPA as alleged, and whether defendants are jointly and severally liable to plaintiff and class members.

21. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

22. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

23. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv) award plaintiff and class members costs and attorney's fees, jointly and severally;

(v) award such further relief as shall be just and proper.

## COUNT III

24. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

25. The Clinton District Court complaint filed by defendant law firm on behalf of AGD Financial Trust 2002-A alleged that the sum of $4,168.47 was due and owing to the plaintiff. This was the same balance set forth in defendant law firm's September 25, 2006 letter.

26. In the course of the above collection suit, defendant law firm sent 3 letters to plaintiff's counsel which stated a balance due of $4,414.31. None of these letters contained any explanation as to the basis for the increase from the balances set forth in the complaint and September 25, 2006 letter.

27. On information and belief, the balances stated in the 3 letters included charges for filing and service of the complaint, and/or other costs in connection with the Clinton District Court action.

28. The letters violated 15 U.S.C. §1692e(2) and (10) since they failed to disclose that the alleged balances included certain litigation-related costs and expenses, including but not limited to a filing fee and a service fee.

29. On information and belief, defendant Kreppel was personally involved in formulating, implementing, and/or ratifying policies and procedures which resulted in said unlawful conduct.

## Class Allegations

30. Plaintiff brings this claim on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents to whom defendant law firm sent any letter (directly or to counsel) within 1 year of the filing of this action in connection

with a lawsuit commenced in a Massachusetts court seeking to collect an alleged consumer debt, which letter included an undisclosed charge or expense in the balance stated and was not returned as undeliverable. Excluded from the class are current and former officers, directors, employees, and agents of defendant law firm. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

31. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendants are debt collectors under the FDCPA, whether the firm's conduct violates the FDCPA as alleged, and whether defendants may be held jointly and severally liable to plaintiff and class members.

32. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

33. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

34. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

  WHEREFORE, plaintiff prays that this Honorable Court:

  (i)  certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)　　appoint plaintiff as class representative and the undersigned as class counsel;

(iii)　　award plaintiff and class members actual damages against defendants, jointly and severally, equal to all undisclosed charges/expenses paid prior to any judgment rendered in the underlying collection action;

(iv)　　award plaintiff and class members statutory damages against defendants, jointly and severally;

(v)　　award plaintiff and class members costs and attorney's fees, jointly and severally;

(v)　　award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

HAJI W. USSI, plaintiff
By his attorney:

Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com